ALBERT SKAE, PLAINTIFF, v. COTEX CORPORATION, A CORPORATION OF NEW JERSEY, AND ILDON BLACKBURN, DEFENDANTS.

Decided July 15, 1932.

For the plaintiff, *Meyer C. Ellenstein.*

For the defendants, *Congleton, Stallman & Hoover.*

ACKERSON, S. C. C.   The complaint herein is for malicious prosecution.   It charges that the defendant, on or about September 17th, 1929, maliciously and without probable cause, made a criminal complaint against the plaintiff *"charging him with violation of chapter 145 of the public laws of New Jersey of the year 1922, which provides as follows:"*   Then is set forth in full what purports to be a copy of the provisions of the statute thus referred to, but which in fact is a copy of a wholly irrelevant act dealing with fraudulent representations in advertising, found in *Pamph. L.* 1913, *ch.* 318, *p.* 649, whereas *Pamph. L.* 1922, *ch.* 145, deals only with the corrupt influencing of agents, employes or servants.

In this situation the plaintiff moves for leave to file an amended complaint expunging the incorrect quotation of the provisions of *Pamph. L.* 1922, *ch.* 145, and substituting therefor the correct quotation thereof.

The defendant resists the motion on the ground that the proposed amendment would be substituting an entirely new cause of action after the statute of limitations had run against it.

Assuming, without deciding, that the two-year period of limitation would apply to such an action as this, and that

such period has run, neverthelss, it is apparent that the proposed amendment does not amount to the allegation of a new and distinct cause of action. It is settled in this state that amendments which merely expand or amplify what has already been alleged in support of the action, relate back to the commencement of the action, and are not affected by the intervening lapse of time. *Swank* v. *Pennsylvania Railroad,* 94 *N. J. L.* 546, 553; 111 *Atl. Rep.* 4. The question in all cases seems to be whether a new cause of action is proposed or the same cause of action stated in a different manner so as to permit the introduction of the available proofs. *O'Shaughnessy* v. *Bayonne News Co.,* 9 *N. J. Mis. R.* 345; 154 *Atl. Rep.* 13.

It is to be noted that the original complaint alleges that the criminal complaint charged plaintiff with having violated "chapter 145 of the public laws of New Jersey of the year 1922." That specified the criminal charge laid against the plaintiff by the defendant and that which follows is merely an expansion or amplification of it, by the pleader volunteering the information as to what *Pamph. L.* 1922, *ch.* 145, contains. If plaintiff had asked to amend by merely striking out the quoted provisions of said statute, no objection could have been raised, because enough still remained by reference to the chapter of the laws and the year of passage, to identify the criminal charge. Can it be said, therefore, that any amendment, which merely corrects a mistake in quoting the provisions of the statute, results in the statement of a new and different cause of action? I think not.

The motion to amend the complaint will, therefore, be allowed.